UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

United States Courts
Southern District of Texas
FILED

OCT 31 2003

Michael N. Milby, Clerk of Court

| | |
|---|---|
| In re JUAN SAN MIGUEL and YOLANDA SAN MIGUEL, SR., ) ) ) ) Debtors. ) ) _____) ) PROCOPIO RODRIGUEZ, et al. ) ) Plaintiffs, ) ) v. ) ) JUAN SAN MIGUEL and ) YOLANDA SAN MIGUEL, SR. ) ) Defendants. ) | Bankruptcy Case No. 02-70099 Chapter 7  Adversary Proceeding No. 03-07024 |

**RESPONSE TO DEFENDANTS' MOTION TO DISMISS
FOR FAILURE TO STATE A CAUSE OF ACTION AND
PLAINTIFFS' MOTION THAT THE COURT ENTER A JUDGMENT THAT
THE CLAIMS PLEAD IN THIS ADVERSARY PROCEEDING
ARE THE TYPE THAT ARE NON-DISCHARGEABLE AND REFER THE CASE
TO FEDERAL DISTRICT COURT FOR DETERMINATION OF THE FACTS
AND ALTERNATE MOTION TO ALLOW PLAINTIFFS TO PROSECUTE THIS
MATTER IN FEDERAL DISTRICT COURT**

IF YOU WANT A HEARING, YOU MUST REQUEST ONE IN WRITING, AND YOU MUST RESPOND SPECIFICALLY TO EACH PARAGRAPH OF THIS PLEADING. YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY DAYS FROM THE DATE YOU WERE SERVED AND GIVE A COPY TO THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF.

IF A PARTY REQUESTS EMERGENCY CONSIDERATION, THE COURT MAY ACT EXPEDITIOUSLY ON THE MATTER. IF THE COURT ALLOWS A SHORTER RESPONSE TIME THAN TWENTY DAYS, YOU MUST RESPOND WITHIN THAT TIME. IF THE COURT SETS AN EMERGENCY HEARING BEFORE THE RESPONSE TIME WILL EXPIRE, ONLY ATTENDANCE AT THE HEARING IS NECESSARY TO PRESERVE YOUR RIGHTS. IF AN EMERGENCY HEARING IS NOT SET, YOU MUST RESPOND BEFORE THE RESPONSE TIME EXPIRES.

TO THE HONORABLE BANKRUPTCY JUDGE:

Come now Procopio Rodriguez, *et al.*, and file this Response to Defendants' Motion to Dismiss for Failure to State a Cause of Action and respectfully request that the motion be denied and that the relief requested below by Plaintiffs be granted. In support of these requests Plaintiffs would show the Court as follows:

A.  **Response to Defendants' Motion to Dismiss**

Defendants' motion seeks to dismiss Plaintiffs' Complaint on three bases: first, that the allegations in the complaint to not constitute "physical injury" required under Sec. 523(a)(6); second, that the allegations do not rise to the level of false pretenses, false representations or fraud as required under Sec. 523(a)(2)(A); and third, that the claims in the complaint do not constitute debts as defined by the Bankruptcy Code. As the motion provides no specific bases and no legal authority for the three individual grounds it seeks dismissal upon, it is difficult to respond in a detailed manner. Nevertheless, for the reasons set forth below, the Defendants' contentions are incorrect and their motion should be denied.

> I.  Section 523(a)(6) does not require "physical injury," rather it requires "willful and malicious injury."

11 U.S.C. § 523(a)(6) states in relevant part, "A discharge under section 727. . . of this title does not discharge an individual debtor from any debt for willful and malicious injury by the debtor to another entity or to the property of another entity."

By its terms this section does not require physical injury. The case law and the legislative history suggest that no such requirement be implied. In fact, the legislative statements section accompanying the code reads, "Section 523(a)(6) adopts the position taken in the House bill and rejects the alternative suggested in the Senate amendment. The phrase "willful and malicious injury" covers a willful and malicious conversion." 11 U.S.C. § 523. Since the elements of conversion do not include a physical injury, a physical injury must not be required by § 523(a)(6). See Bandy v. First State Bank, 835 S.W.2d 609, 622 (Tex. 1992). The Fifth Circuit's application of section 523(a)(6) comports with the legislative history. That Court has found that even a debt for breach of contract may be willful and malicious and therefore dischargeable under § 523(a)(6). See Texas v. Walker, 142 F.3d 813(1998). In Walker, the debtor converted professional fees instead of giving them to his employer, in violation of his employment contract. The Fifth Circuit found that § 523(a)(6) did not prevent discharge of the debt in that case because the record did not show the debtor knowingly retained the fees. However, the court went on to say that should a fact finder decide that the debtor knew of his obligations under the contract, knowingly withheld the fees, and knew this would cause injury to the employer, then that could result in the debt being determined non-dischargeable. Walker, at 824.

The Court should find that § 523(a)(6) does not require a physical injury as Defendants' suggest.

II.  <u>The allegations as plead rise to the level of false pretense, false representations, or fraud.</u>

11 U.S.C. § 523(a)(2)(A) states in relevant part, "A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt for money, property, services . . . to the extent obtained by false pretenses, a false representation, or actual fraud."

Plaintiffs' Complaint alleges that the listed debts are debts for money, property, or services that were obtained by means of Defendants' false representations and fraud. Specifically, Plaintiffs' Complaint (together with Plaintiffs' Complaint in Civil Action B-03-034, which was specifically incorporated in the complaint in this adversarial proceeding) alleges that certain of Defendants' debts are for wages owed to Plaintiffs or for farmwork services performed by Plaintiffs. Plaintiffs' Complaint alleges that Defendants obtained Plaintiffs' services and became indebted to Plaintiffs for wages owed by inducing them to accept employment and travel to Illinois by knowingly lying about the terms and conditions of the employment. Defendants intended Plaintiffs to rely on these material, false representations and Plaintiffs reasonably relied on them to their detriment.

As such, the debts listed in Plaintiffs' Complaint are debts for money, property, or services obtained by false pretenses, a false representation, or actual fraud.

III. <u>The claims listed in are debts as defined by the Bankruptcy Code.</u>

"Debt" means liability on a claim. 11 U.S.C. § 101(12). "Claim" means right to

payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, disputed, undisputed, legal, or equitable. 11 U.S.C. § 101(5)(A).

The debts in this case for statutory violations are disputed rights to payment. Some, like the debts for violation of the Illinois Farm Labor Contractor Certification Act, 225 ILCS 505/1 et seq., are liquidated at $500 per violation. Others, like the debts for the AWPA violations are unliquidated.

In Alvarado v. Kallmeyer, the bankruptcy court dealt with some of the same provisions of the Agricultural Worker Protection Act (AWPA), 29 U.S.C. § 1801 et seq., that Plaintiffs claim are debts in this case. 143 B.R. 271 (D. Kan. 1992). While the court did not directly address the question of whether or not these AWPA claims were debts, the court clearly thought they were, as the AWPA claims were held non-dischargeable pursuant to § 523(a)(6). 143 B.R. 271, 274.

The claims listed in Plaintiffs' Complaint are "debts" as the Bankruptcy Code defines the term. Accordingly, Plaintiffs request that the Court deny Defendants' Motion to Dismiss.

**B. I.   Plaintiffs' Motion that the Court Enter a Judgment that the Claims Plead in this Adversary Proceeding Are the Type that Are Non-dischargeable and Refer the Case to Federal District Court for Determination of the Facts.**

Plaintiffs filed suit against Defendant Debtors and three other Defendants on the claims at issue in this adversary proceeding (and others that the Plaintiffs believe to be dischargeable) in U.S. District Court in Brownsville. The district court has stayed the proceedings against the Debtor Defendants, Juan San Miguel and Yolanda San Miguel, until this Court makes a determination on the dischargeability of Plaintiffs' claims.

Plaintiffs' claims against the three other defendants, a seed corn company, the company's manager, and the Debtor-Defendants' daughter have been partially stayed. These three defendants and the Plaintiffs may only proceed with written discovery until this Court makes a determination on the dischargeability of Plaintiff's claims.

In the interest of judicial economy, Plaintiffs move the Court for a ruling on which of Plaintiffs' claims, as plead in this adversary proceeding, are of the type that are, as a matter of law, non-dischargeable pursuant to § 523(a)(2)(A) or § 523(a)(6). After the Court makes that ruling, Plaintiffs request that this Court order back to the district court to prove-up the facts along with their case against the non-debtor defendants. Plaintiffs believe it would be in the best interest of all parties and the most efficient use of this Court's time, and the time of the district court in Brownsville, to avoid unnecessarily duplicative litigation on the facts of this case. Plaintiffs and the courts would save the time and expense of litigating the same case twice.

## II.   Plaintiffs' Alternate Motion to Allow Plaintiffs to Prosecute this Matter in Federal District Court

Alternatively, if the Court chooses not to determine at this juncture the dischargeability of the debts, Plaintiffs ask that the Court, after ruling on Defendants' motion, stay this adversary proceeding and allow Plaintiffs to continue to prosecute their action in the District Court in Brownsville. After judgment has been entered in that action, and should judgment be entered against the Debtor-Defendants, Plaintiffs can return to this Court for a determination on dischargeability.

C.  **Prayer for Relief**

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that this Court:

a. deny Defendants' Motion to Dismiss for Failure to State a Cause of Action; and

b. decide on the pleadings which of Plaintiffs' claims are of the type that are, as a matter of law, non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) or § 523(a)(6); or, in the alternative,

c. lift the stay and allow Plaintiffs to continue to prosecute their action (Civil Action B-03-034) in the District Court in Brownsville.

Respectfully submitted,

/s/ Rodolfo Sanchez
Rodolfo Sanchez
Texas Bar No. 17572100
S.D. No. 12600
TEXAS RURAL LEGAL AID, INC.
300 South Texas
Weslaco, TX 78596
Tel. 956-968-9574
Fax. 956-968-8823
Attorney-in-Charge for Plaintiffs

Nathaniel Norton
Texas Bar No. 24037196
S.D. No. 33422
TEXAS RURAL LEGAL AID, INC.
300 South Texas
Weslaco, TX 78596
Tel. 956-968-9574
Fax. 956-968-8823
Co-Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of October, 2003, a true and correct copy of this document was sent via U.S. Mail to:

Antonio Villeda
Law Offices of Antonio Villeda
5414 N. 10th St.
McAllen, Texas 78504.

*[signature]*
Nathaniel Norton
300 S. Texas Blvd.
Weslaco, TX 78596

## CERTIFICATE OF CONFERENCE

I certify that I spoke to Defendants' attorney, Antonio Villeda, on October 29, 2003. A good faith effort to resolve the dispute was made without an agreement being reached, and the matter requires court determination.

*[signature]*
Nathaniel Norton

Case 1:04-cv-00090   Document 5   Filed in TXSD on 10/31/2003   Page 8 of 8