UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| In re JUAN SAN MIGUEL and<br>YOLANDA SAN MIGUEL, SR.,<br><br>　　　　Debtors. | Bankruptcy Case<br>No. 02-70099 |
| PROCOPIO RODRIGUEZ, MERCED RAMOS-CANTU, JOSE PEREZ, ROBERTO RIVERA, LUZ GUERRERO, MARTIN GUERRERO SR., MARTIN GUERRERO JR., ELIZABETH GUERRERO, JONATHAN GUERRERO, HECTOR MAGANA SR., MARIA ZAMORA MAGANA, NOHEMI MAGANA, ALEXANDRA MAGANA, HECTOR MAGANA JR., NORMA MAGANA, AGUSTIN MARTINEZ, AMALIA MARTINEZ, ISAAC MARTINEZ, ISRAEL MARTINEZ, BARBARA MARTINEZ, VICTOR DE LOS REYES SR., SUSANA DE LOS REYES, VICTOR DE LOS REYES JR., BRENDA AGUILAR, ISIDRO AGUILAR, MARIA CARMEN RODRIGUEZ, ALBERTO RODRIGUEZ, ARANDU RODRIGUEZ, SANTIAGO RODRIGUEZ, ELISA RODRIGUEZ, MARIA RODRIGUEZ, OSBORN RODRIGUEZ, MARCELENO RODRIGUEZ, PERLA RODRIGUEZ, LINO RENDON, MARIA RENDON, DANIEL RENDON, MARTIN VALDEZ SR., MARIA DE LA LUZ VALDEZ, MAGDA VALDEZ, ALVARO VALDEZ, OSCAR VALDEZ, MARTIN VALDEZ JR., NORMA VALDEZ, EFRAIN ORTIZ, MARISSA MARTINEZ, BLAS MARTINEZ SR., CONSUELO MARTINEZ, VANESSA MARTINEZ, BLAS MARTINEZ JR., JORGE MARTINEZ, JOSE MANUEL RIVAS SR., JOSE MANUEL RIVAS JR., RICARDO RIVERA, MARIA ARCADEA RIVERA, JESUS RIVERA, JULIAN RIVERA, MARIA DE LOS ANGELES VELASQUEZ, GREGORIO VELASQUEZ, JESSICA VELASQUEZ, GISELA VELASQUEZ, ERIKA VELASQUEZ, RAFAEL VELASQUEZ, ROEL VELASQUEZ, LILIA VILLARREAL, RAPHAEL VILLARREAL, JUAN LUCIO VILLARREAL, VERONICA VILLARREAL, MARIA VILLARREAL, MARIA LILIA VILLARREAL, BERENISA TREJO, JUAN TREJO, YVONNE TREJO, CHRISTIAN TREJO, and YZETTE TREJO,<br><br>　　　　Plaintiffs,<br><br>v. | United States Courts<br>Southern District of Texas<br>FILED<br><br>SEP 1 8 2003<br><br>Michael N. Milby, Clerk of Court |

#2

| | |
|---|---|
| JUAN SAN MIGUEL and | ) |
| YOLANDA SAN MIGUEL, SR. | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT

## INTRODUCTION

1. Defendants Juan San Miguel and Yolanda San Miguel, Sr. are the debtors in this Chapter 7 case. They reside in Hidalgo County, Texas.

2. Plaintiffs are migrant farm workers and their family members who are creditors of defendants. They reside in Hidalgo County, Texas and Cameron County, Texas. Fifty-nine of the Plaintiffs performed detasseling work for the Defendants and are referred to herein as "Working Plaintiffs."[1] Sixteen of the Plaintiffs are the non-working family members of the Working Plaintiffs who were injured by Defendants in that Plaintiffs were housed in housing that did not meet state and federal health and safety standards, in violation of the Agricultural Worker Protection Act, 29 U.S.C. §§ 1801 et seq.

3. On April 30, 2002, the Defendants filed for Chapter 7 bankruptcy. Plaintiffs were not scheduled as creditors, and they still have not been scheduled, nor did they receive any notice. Relief was granted and the case was closed on August 21, 2002. Plaintiffs had no notice of the bankruptcy until after they filed suit against the Defendants and an Illinois

---

[1] The Working Plaintiffs are: Procopio Rodriguez, Merced Ramos-Cantu, Jose Perez, Roberto Rivera, Luz Guerrero, Martin Guerrero, Sr., Martin Guerrero, Jr., Elizabeth Guerrero, Maria Zamora Magana, Nohemi Magana, Alexandra Magana, Hecto Magana, Jr., Norma Magana, Agustin Martinez, Amalia Martinez, Isaac Martinez, Israel Martinez, Barbara Martinez, Victor de los Reyes, Susana de los Reyes, Brenda Aguilar, Maria Carmen Rodriguez, Arandu Rodriguez, Santiago Rodriguez, Elisa Rodriguez, Maria Rodriguez, Lino Rendon, Maria Rendon, Daniel Rendon, Martin Valdez, Sr., Maria de la Luz Valdez, Magda Valdez, Alvaro Valdez, Oscar Valdez, Martin Valdez, Jr., Efrain Ortiz, Marissa Martinez, Blas Martinez, Consuelo Martinez, Vanessa Martinez, Jose Manuel Rivas, Sr., Jose Manuel Rivas, Jr., Ricardo Rivera, Maria Arcadea Rivera, Jesus Rivera, Julian Rivera, Maria de los Angeles Velasquez, The Estate of Gregorio Velasquez, Gisela Velasquez, Erika Velasquez, Rafael Velasquez, Roel Velasquez, Lilia Villarreal, Juan Lucio Villarreal, Veronica Villarreal, Maria Villarreal, Maria Lilia Villarreal, Berenisa Trejo, and Juan Trejo.

seed corn company in U.S. District Court in Brownsville asserting claims arising out of Plaintiffs' recruitment and employment with Defendants and the company. A copy of Plaintiffs' Original Complaint in that action, Procopio Rodriguez, et al. v. Trisler Seed Farms, Inc., et al., Civil Action B-03-034, is attached as Exhibit A and is hereby incorporated as if fully set forth herein. The district court has stayed the proceedings against the Defendants in this case, Juan San Miguel and Yolanda San Miguel, until this Court makes a determination on the dischargeability of Plaintiffs' claims.

4. On August 8, 2003, this Court ordered that this case be reopened so that Plaintiffs could file this complaint to determine non-dischargeability of Defendants' debts.

5. Plaintiffs, in this adversary proceeding, ask this Court to enter a judgment determining that debts of the type that Plaintiffs claim are non-dischargeable pursuant to 11 U.S.C. §§ 523(a)(6) and/or 523(a)(2)(A).

## JURISDICTION

6. This is a core proceeding over which this Court has jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(I).

## FIRST CLAIM FOR RELIEF

WILLFUL AND MALICIOUS INJURY

(Bankruptcy Code, 11 U.S.C. § 523(a)(6))

7. Plaintiffs incorporate paragraphs 1 through 6 as though fully set forth herein.

8. Plaintiffs have claims against Defendants for the following intentional violations of the Agricultural Worker Protection Act (AWPA)[2]:

---

[2] Plaintiffs' Original Petition in Civil Action B-03-034 contains other statutory claims as well, but they are not included here because Plaintiffs believe they are dischargeable.

a. providing housing to plaintiffs that did not comply with federal and State of Illinois safety and health standards, in violation of 29 U.S.C. § 1823(a);

b. keeping inadequate records of hours worked, in violation of 29 U.S.C. § 1821(d);

c. knowingly providing false and misleading information concerning the terms, conditions or existence of agricultural employment, in violation of 29 U.S.C. 1821(f) by promising Plaintiffs that they would: a) work from late June to early August detasseling corn, b) work 7 days per week, c) work 10 to 14 hours per day, d) earn $6.00 to $6.50 per hour, and e) be provided with decent and fully furnished housing with air conditioning when these were not the true terms and conditions of the employment;

d. refusing to pay wages owed to Plaintiffs, in violation of 29 U.S.C. § 1822(a);

e. violating without justification the terms of the working arrangements made with Plaintiffs, in violation of 29 U.S.C. § 1822(c);

f. violating the rights of the Working Plaintiffs under AWPA by not disclosing in writing to the Working Plaintiffs at the time of their recruitment the terms and conditions of employment, in violation of 29 U.S.C. § 1821(a) and (g); and

g. violating the rights of the Villarreal/Trejo Plaintiffs[3] when they intimidated, threatened, discriminated against, and discharged them, in violation of 29 U.S.C. § 1855.

9. Plaintiffs have claims against Defendants for the following violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 et seq.:

---

[3] Lilia Villarreal, Juan Lucio Villarreal, Veronica Villarreal, Maria Villarreal, Maria Lilia Villarreal, Berenisa Trejo and Juan Trejo.

    a.    by shorting hours and refusing to pay for traveling time between fields during the work day, Defendants compensated some Working Plaintiffs at a rate of less than $5.15 per hour in the course of some workweeks, in violation of the minimum wage provisions of FLSA, 29 U.S.C. § 206(a).

10.    Plaintiffs have claims against Defendants for the following violations of the Illinois Farm Labor Contractor Certification Act (IFLCCA), 225 ILCS 505/1 et seq.:

    a.    violated the rights of Plaintiffs under IFLCCA in that they did not disclose to Plaintiffs at the time of their recruitment in writing the location of employment, the crops and operation involved, the rate of compensation or wages, and the other information required to be disclosed under IFLCCA, 225 ILCS 505/9(b).

    b.    failed to comply with the terms and conditions of employment, in violation of IFLCCA, 225 ILCS 505/8(c);

11.    Plaintiffs have claims against Defendants for the following violations of the Illinois Minimum Wage Law (MWL), 820 ILCS 105/1 et seq.:

    a.    by shorting hours and by refusing to pay for traveling time between fields during the work day, Defendants compensated some of the Working Plaintiffs at an average rate of less than $5.15 per hour in the course of various workweeks in violation of the minimum wage provisions of the MWL, 820 ILCS 105/4.

12.    Plaintiffs have claims against Defendants for the following violations of the Illinois Wage Payment and Collection Act (IWPCA), 820 ILCS 115/1 et seq.:

    a.    by refusing to pay the Working Plaintiffs for all of the hours the Working Plaintiffs worked, Defendants violated the Working Plaintiffs' rights under the

        IWPCA in that they failed to pay the Working Plaintiffs all wages earned, in violation of 820 ILCS 115/3.

    b.    by refusing to pay the Working Plaintiffs' wages owed immediately upon termination, Defendants violated the Working Plaintiffs' rights under the IWPCA in that they failed to pay the Working Plaintiffs' final compensation at the time of separation of employment, in violation of 820 ILCS 115/5.

13. Defendants breached their contract with the Working Plaintiffs. Specifically, the Defendants and Working Plaintiffs contracted for work under certain terms and conditions that Defendants knew were not the terms and conditions under which the work would be performed.

14. Defendants' violations of statute and breach of contract, as listed in paragraphs 8 through 13 above, were willful and malicious.

15. Defendants' violations of statute and breach of contract, as listed in paragraphs 8 through 13 above, caused injury to the Plaintiffs.

16. Defendants' acts and omissions that gave rise to the violations of statute and breach of contract, as listed in paragraphs 8 through 13 above, were done intentionally.

17. Defendants' acts and omissions that gave rise to the violations of statute and breach of contract, as listed in paragraphs 8 through 13 above, were taken with the subjective motive of causing harm to the Plaintiffs, or their actions were substantially certain to cause injury to the Plaintiffs.

## **SECOND CLAIM FOR RELIEF**

FALSE PRETENSES, FALSE REPRESENTATION, OR FRAUD

(Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A))

18. Plaintiffs incorporate paragraphs 1 through 17 as though fully set forth herein.

19. Working Plaintiffs have claims against Defendants for the following violations of law:

   a. refusing to pay wages owed to Working Plaintiffs, in violation of AWPA, 29 U.S.C. § 1822(a);

   b. by shorting hours and refusing to pay for traveling time between fields during the work day, Defendants compensated some Working Plaintiffs at a rate of less than $5.15 per hour in the course of some workweeks, in violation of the minimum wage provisions of FLSA, 29 U.S.C. § 206(a);

   c. by shorting hours and by refusing to pay for traveling time between fields during the work day, Defendants compensated some of the Working Plaintiffs at an average rate of less than $5.15 per hour in the course of various workweeks in violation of the minimum wage provisions of the MWL, 820 ILCS 105/4.

   d. by refusing to pay the Working Plaintiffs for all of the hours the Working Plaintiffs worked, Defendants violated the Working Plaintiffs' rights under the IWPCA in that they failed to pay the Working Plaintiffs all wages earned, in violation of 820 ILCS 115/3.

20. These claims are debts for money, property, and/or services that were obtained through false pretenses, false representation, or actual fraud (and not by a statement respecting either debtor's or an insider's financial condition) in that:

    a.    Defendants obtained weeks of Working Plaintiffs' detasseling services and have withheld money that the AWPA, FLSA, MWL, and IWPCA required the Defendants to pay to the Working Plaintiffs.

    b.    Defendants received the services of Working Plaintiffs' and became indebted to Working Plaintiffs for money required to be paid under state and federal law by inducing Working Plaintiffs to accept employment, travel to Illinois, and work for Defendants by knowingly providing false and misleading representations to Working Plaintiffs, which Working Plaintiffs justifiably relied upon, about the amount of work available and the pay for such work as is set forth in paragraph 8(c), above.

WHEREFORE, Plaintiffs respectfully request judgment against Juan San Miguel and Yolanda San Miguel, Sr. as follows:

    a.    enter an order finding that the claims listed in paragraphs 8 through 13 above are of the type that are excepted from discharge pursuant to 11 U.S.C. § 523(a)(6);

    b.    enter an order finding that the claims listed in paragraph 19 above are of the type that are excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(A);

    c.    remove the automatic stay with regard to such listed claims in order to allow Civil Action B-030-034 to proceed against Defendants on those claims; and

    c.    award Plaintiffs any other relief the Court deems just and proper.

Respectfully submitted,

_____
Rodolfo Sanchez
Texas Bar No. 17572100
S.D. No. 12600
TEXAS RURAL LEGAL AID, INC.
300 South Texas
Weslaco, TX 78596
Tel. 956-968-9574
Fax. 956-968-8823
Attorney-in-Charge for Plaintiffs

Nathaniel Norton
Texas Bar No. 24037196
S.D. No. 33422
TEXAS RURAL LEGAL AID, INC.
300 South Texas
Weslaco, TX 78596
Tel. 956-968-9574
Fax. 956-968-8823
Co-Counsel for Plaintiffs

| B104<br>(Rev. 2/92) | ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|---|

| **PLAINTIFFS**<br>Procopio Rodriguez, et al.<br>(see attachment for complete list) | **DEFENDANTS**<br>Juan San Miguel and Yolanda San Miguel, Sr.<br><br>United States Courts<br>Southern District of Texas<br>FILED<br><br>SEP 1 8 2003<br><br>Michael N. Milby, Clerk of Court |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Rodolfo D. Sanchez and Nathaniel Norton<br>Texas Rural Legal Aid, Inc.<br>300 S. Texas Blvd.<br>Weslaco, TX 78596   956-968-9574 | ATTORNEYS (If Known)<br>Ellen C. Stone<br>Law Offices of John Ventura, P.C.<br>711 Nolana Loop, Ste. 104<br>McAllen, TX 78504    956-630-2822 |

| PARTY (Check one box only) | ☐ 1 U.S. PLAINTIFF | ☐ 2 U.S. DEFENDANT | ☒ 3 U.S. NOT A PARTY |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Complaint to Determine Non-Dischargeability of Debt under 11 USC Secs. 523(a)(6) and 523(a)(2)(A). Debts are on statutory claims under Agricultural Worker Protection Act, 29 USC Secs. 1801 et seq. and Fair Labor Standards Act, 29 USC Secs. 201 et seq.

**NATURE OF SUIT**
(Check the one most appropriate box only.)

- ☐ 454 To recover money or property
- ☐ 435 To determine validity, priority, or extent of a lien or other interest in property
- ☐ 458 To obtain approval for the sale of both the interest of the estate and of a co-owner in property
- ☐ 424 To object or to revoke a discharge 11 U.S.C. § 727
- ☐ 455 To revoke an order of confirmation of a Chap. 11, Chap. 12, or Chap. 13 Plan
- ☒ 426 To determine the dischargeability of a debt 11 U.S.C. § 523
- ☐ 434 To obtain an injunction or other equitable relief
- ☐ 457 To subordinate any allowed claim or interest except where such subordination is provided in a plan
- ☐ 456 To obtain a declaratory judgment relating to any of the foregoing of action
- ☐ 459 To determine a claim or cause of action removed to a bankruptcy court
- ☐ 498 Other (specify)

| ORIGIN OF PROCEEDINGS<br>(Check one box only.) | ☐ 1 Original Proceeding | ☐ 2 Removed Proceeding | ☒ 4 Reinstated or Reopened | ☐ 5 Transferred from Another Bankruptcy Court | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 |
|---|---|---|---|---|---|

| DEMAND | NEAREST THOUSAND<br>$ XXXX | OTHER RELIEF SOUGHT<br>dischargeability of these types of claims | ☐ JURY DEMAND |

**BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES**

| NAME OF DEBTOR<br>Juan San Miguel and Yolanda San Miguel, Sr. | BANKRUPTCY CASE NO.<br>02-70099 | |
|---|---|---|
| DISTRICT IN WHICH CASE IS PENDING<br>Southern District of Texas | DIVISIONAL OFFICE<br>McAllen | NAME OF JUDGE<br>Schmidt |

**RELATED ADVERSARY PROCEEDING (IF ANY)**

| PLAINTIFF<br>Procopio Rodriguez, et al. | DEFENDANT<br>Trisler Seed Farms, Inc., et al. | ADVERSARY PROCEEDING NO.<br>B-03-034 |
|---|---|---|
| DISTRICT<br>S. Dist. of Texas | DIVISIONAL OFFICE<br>Brownsville | NAME OF JUDGE<br>Black |

| FILING FEE (Check one box only.) | ☒ FEE ATTACHED | ☐ FEE NOT REQUIRED | ☐ FEE IS DEFERRED |

| DATE<br>9/15/03 | PRINT NAME<br>Rodolfo D. Sanchez | SIGNATURE OF ATTORNEY (OR PLAINTIFF) |

**Attachment**
to Civil Cover Sheet for Procopio Rodriguez, et al. v. Juan San Miguel and Yolanda San Miguel, Sr.

Plaintiffs

Procopio Rodriguez, Merced Ramos-Cantu, Jose Perez, Roberto Riviera, Luz Guerrero, Martin Guerrero Sr., Martin Guerrero Jr., Elizabeth Guerrero, Jonathan Guerrero, Hector Magana Sr., Maria Zamora Magana, Nohemi Magana, Alexandria Magana, Hector Magana Jr., Norma Magana, Agustin Martinez, Amalia Martinez, Isaac Martinez, Israel Martinez, Barbara Martinez, Victor de los Reyes Sr., Susana de los Reyes, Victor de los Reyes Jr., Brenda Aguilar, Isidro Aguilar, Maria Carmen Rodriguez, Alberto Rodriguez, Arandu Rodriguez, Santiago Rodriguez, Elisa Rodriguez, Maria Rodriguez, Osborn Rodriguez, Marceleno Rodriguez, Perla Rodriguez, Lino Rendon, Maria Rendon, Daniel Rendon, Martin Valdez Sr., Maria de la Luz Valdez, Magda Valdez, Alvaro Valdez, Oscar Valdez, Martin Valdez Jr., Norma Valdez, Efrain Ortiz, Marissa Martinez, Blas Martinez Sr., Consuelo Martinez, Vanessa Martinez, Blas Martinez Jr., Jorge Martinez, Jose Manuel Rivas Sr., Jose Manuel Rivas Jr., Ricardo Rivera, Maria Arcadea Rivera, Jesus Rivera, Julian Rivera, Maria de los Angeles Velasquez, Gregorio Velasquez, Jessica Velasquez, Gisela Velasquez, Erika Velasquez, Rafael Velasquez, Roel Velasquez, Lilia Villarreal, Raphael Villarreal, Juan Lucio Villarreal, Veronica Villarreal, Maria Villarreal, Maria Lilia Villarreal, Berenisa Trejo, Juan Trejo, Yvonne Trejo, Christian Trejo and Yzette Trejo.