UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

United States District Court
Southern District of Texas
FILED

MLC    JAN 0 9 2004

Michael N. Milby, Clerk

| | | |
|---|---|---|
| In re JUAN SAN MIGUEL and YOLANDA SAN MIGUEL, SR., | ) ) ) | Bankruptcy Case No. 02-70099 |
| Debtors. | ) ) | Chapter 7 |
| _____ | ) ) | |
| PROCOPIO RODRIGUEZ, et al. | ) ) | Adversary Proceeding No. 03-07024 |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| JUAN SAN MIGUEL and YOLANDA SAN MIGUEL, SR. | ) ) ) | |
| Defendants. | ) ) | |

United States Courts
Southern District of Texas
FILED

JAN 1 3 2004

Michael N. Milby, Clerk of Court

**SUPPLEMENTAL RESPONSE TO DEFENDANTS' MOTION TO
DISMISS FOR FAILURE TO STATE A CAUSE OF ACTION**

TO THE HONORABLE BANKRUPTCY JUDGE:

Plaintiffs file this Motion for a Ruling on Defendants' Motion to Dismiss for

Failure to State a Cause of Action and ask that the relief requested below by Plaintiffs be

granted. In support of this motion Plaintiffs would show the Court as follows:

1.    Defendants filed a motion to dismiss for failure to state a claim. That motion,

citing no facts or authority, argued that Plaintiffs' complaint in this adversary

proceeding was deficient in three regards: that §523(a)(6) required physical

injury, that the complaint failed to plead facts that rose to the level of false

pretenses, false representations or fraud as required under §523(a)(2)(A), and that

the claims in the complaint were not debts as defined by the Bankruptcy Code.

This motion is on file with the Court and is hereby incorporated by reference.

2.   Plaintiffs filed a response to this motion citing to authority and to their complaint
     to rebut Defendants' arguments.  This response is on file with the Court and is
     hereby incorporated by reference.

3.   On December 17, 2003 a hearing on Defendants' motion to dismiss was held. At
     that hearing Defendants, in violation of Bankruptcy Local Rules 7007 and
     9013(h), raised a ground for dismissal that was not plead in their motion.
     Defendants asserted, incorrectly, that Plaintiffs did not plead that Defendants'
     acted with the intent to cause injury to Plaintiffs.  As Defendants did not raise this
     issue in their motion, or before the hearing in any manner, Plaintiffs' were not
     ready to cite to the specific paragraph in Plaintiffs' complaint relating to
     Defendants' intent to cause injury.

4.   The Court indicated that Plaintiffs could replead their complaint to include the
     allegation that Defendants intended to injure Plaintiffs.

5.   After the hearing, Plaintiffs' attorneys reviewed the complaint.  Plaintiffs'
     complaint does plead that Defendants acted with the intent to injure the Plaintiffs.
     Paragraph 17 of the complaint reads, "Defendants' acts and omissions that gave
     rise to the violations of statute and breach of contract, as listed in paragraphs 8
     through 13 above, were taken with the subjective motive of causing harm to the
     Plaintiffs, or their actions were substantially certain to cause injury to the
     Plaintiffs."

6.   As such, the deficiency Defendants raised at the hearing is non-existent.  Further,
     as Plaintiffs' response to Defendants' motion to dismiss and the arguments at the

December 17th hearing make clear, Defendants' three other arguments for dismissal lack merit.

WHEREFORE, the Plaintiffs respectfully request that the Court, based on the pleadings submitted and the arguments made at the December 17th hearing, enter an order denying Defendants' Motion to Dismiss for Failure to State a Cause of Action. In the alternative, Plaintiffs request that the Court order that Defendant amend his motion to comply Bankruptcy Local Rules 7007 and 9013(h) so that it states with particularity the deficiency in Plaintiffs' complaint and the relief sought, and contains the specific code section, rule, or case authority on which the relief is predicated. Plaintiffs further request any and all relief to which they may be justly entitled.

Respectfully submitted,

Rodolfo D. Sanchez
Texas Bar No. 17572100
S.D. No. 12600
TEXAS RURAL LEGAL AID, INC.
300 South Texas
Weslaco, TX 78596
Tel. 956-968-9574
Fax. 956-968-8823
Attorney-in-Charge for Plaintiffs

Nathaniel Norton
Texas Bar No. 24037196
S.D. No. 33422
TEXAS RURAL LEGAL AID, INC.
300 South Texas
Weslaco, TX 78596
Tel. 956-968-9574
Fax. 956-968-8823
Co-Counsel for Plaintiffs

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the _9th_ day of January 2004, a true and correct copy of this document was sent via fax and U.S. Mail to:

Antonio Villeda
Law Offices of Antonio Villeda
5414 N. 10th St.
McAllen, Texas 78504.
fax: 956-631-9146

Nathaniel Norton
300 S. Texas Blvd.
Weslaco, TX 78596