UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| In re JUAN SAN MIGUEL and<br>YOLANDA SAN MIGUEL, SR., | )<br>)<br>) | |
| Debtors. | )<br>) | Adversary Proceeding<br>No. 03-07024 |
| ──────────────────────── | )<br>) | |
| PROCOPIO RODRIGUEZ, et al. | )<br>) | |
| Plaintiffs, | )<br>)<br>) | |
| v. | )<br>) | |
| JUAN SAN MIGUEL and<br>YOLANDA SAN MIGUEL, SR. | )<br>)<br>) | |
| Defendants. | )<br>) | |

**OPPOSED MOTION TO TRANSFER TO BROWNSVILLE DIVISION AND
OPPOSED MOTION TO WITHDRAW THE REFERENCE
TO BANKRUPTCY COURT**

IF YOU WANT A HEARING, YOU MUST REQUEST ONE IN WRITING, AND YOU MUST RESPOND SPECIFICALLY TO EACH PARAGRAPH OF THIS PLEADING. YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY DAYS FROM THE DATE YOU WERE SERVED AND GIVE A COPY TO THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF.

IF A PARTY REQUESTS EMERGENCY CONSIDERATION, THE COURT MAY ACT EXPEDITIOUSLY ON THE MATTER. IF THE COURT ALLOWS A SHORTER RESPONSE TIME THAN TWENTY DAYS, YOU MUST RESPOND WITHIN THAT TIME. IF THE COURT SETS AN EMERGENCY HEARING BEFORE THE RESPONSE TIME WILL EXPIRE, ONLY ATTENDANCE AT THE HEARING IS NECESSARY TO PRESERVE YOUR RIGHTS. IF AN EMERGENCY HEARING IS NOT SET, YOU MUST RESPOND BEFORE THE RESPONSE TIME EXPIRES.

Come now Procopio Rodriguez, et al. and pursuant to the Court's instructions at a March 15, 2004 status conference, hereby file this motion to transfer this adversary proceeding to the Federal District Court in Brownsville and this motion to withdraw the reference to Bankruptcy Court. In support of this motion Plaintiffs would show the Court as follows:

1. Plaintiffs are migrant farmworkers and their non-working family members who filed suit against the Debtors and other defendants in the Federal District Court in Brownsville in February 2003. The Federal District Court case is styled <u>Procopio Rodriguez et al. v. Trisler Seed Farms, Inc. et al.</u>, and the cause number is B-03-034. This case was assigned to Judge Andrew Hanen and referred to U.S. Magistrate Judge John William Black.

2. After filing <u>Rodriguez et al. v. Trisler Seed Farms, Inc. et al.</u>, Plaintiffs' counsel learned that Debtors had filed bankruptcy cause number 02-70099 in April 2002 and that in August 2002 the debtors had received a discharge. The bankruptcy case was filed and the bankruptcy discharge was received, after Plaintiffs' claims arose but before the Federal District Court lawsuit was filed. Plaintiffs did not receive notice of the bankruptcy until after the federal court case was filed. Plaintiffs advised U.S. Magistrate Judge Black of the bankruptcy, and Judge Black stayed <u>Rodriguez et al. v. Trisler Seed Farms, Inc. et al.</u>, as to Debtors until Plaintiffs could get the bankruptcy court to either lift the stay or issue a ruling on the dischargeability of Plaintiffs' claims.

3. Plaintiffs filed a motion to reopen Bankruptcy Case number 02-70099 and on August 8, 2003, U.S. Bankruptcy Judge Richard S. Schmidt ordered that the bankruptcy case be reopened.

4. Plaintiffs filed this adversary proceeding on September 18, 2003. The adversary proceeding, cause number 03-07024, sought a determination of the dischargeability of claims plead in Plaintiffs' original Federal District Court Complaint.

5. Debtors did not file a substantive response to Plaintiffs adversary complaint, and instead the Debtors filed a Motion to Dismiss. The Plaintiffs filed a response and a supplemental response to the Debtors' Motion to Dismiss. The Bankruptcy Court heard oral arguments on the Motion to Dismiss, but the Bankruptcy Court has not ruled on the motion to dismiss.

6. In the hopes of speeding up and streamlining the resolution of their claims against the Debtors and the other Defendants, on January 12, 2004, Plaintiffs filed a Motion for Relief From the Stay. On February 13, 2004, Judge Schmidt granted this motion and ordered that the stay be lifted effective February 18, 2004.

7. The claims in this adversary proceeding are a subset of the claims in the Federal District Court case. The facts, witnesses, and evidence that are needed to prosecute this adversary proceeding will all be needed to prosecute the Federal District Court case and the Federal District Court in Brownsville has jurisdiction to make a determination on the dischargeability of Plaintiffs claims. Therefore, transferring this matter to the Federal District Court in Brownsville, withdrawing the referral from the Brownsville Federal District Court, and allowing the Brownsville Federal District Court to make a

determination on the dischargeability of Plaintiffs claims will serve the interests of judicial economy and it will be more convenient for the parties to prosecute this action.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that this Court:

a. transfer this adversary proceeding to the Federal District Court in Brownsville Division; and

b. withdraw the reference to Bankruptcy Court.

Respectfully submitted,

Rodolfo D. Sanchez
Texas Bar No. 17572100
S.D. No. 12600
TEXAS RIOGRANDE LEGAL AID, INC.
300 South Texas Blvd.
Weslaco, TX 78596
Tel. 956-968-9574
Fax. 956-968-8823
Attorney-in-Charge for Plaintiffs

Nathaniel Norton
Texas Bar No. 24037196
S.D. No. 33422
TEXAS RIOGRANDE LEGAL AID, INC.
300 South Texas Blvd.
Weslaco, TX 78596
Tel. 956-968-9574
Fax. 956-968-8823
Co-Counsel for Plaintiffs

# CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of April 2004, a true and correct copy of this document was sent via Certified U.S. Mail return receipt requested # 7002 2030 0005 5894 4124 to Debtors Juan and Yolanda San Miguel at 900 W. Mile 10 Rd., Weslaco Texas 78596. A true and correct copy was also mailed certified mail return requested # 7002 2030 0005 5894 4131 to Roberto Guerrero 2217 N. 23rd St., McAllen Texas 78501. Mr. Guerrero identified himself as an attorney representing the debtor; however, Mr. Guerrero has not yet entered an appearance in this matter.

_____
Rodolfo D. Sanchez

# CERTIFICATE OF CONFERENCE

My co-counsel, Nathaniel Norton, spoke with the pro-se Debtors to find out if they opposed the relief sought in this motion. The Debtor's advised Mr. Norton that they had hired an attorney, and that their attorney would contact us to discuss this matter. Roberto Guerrero subsequently contacted me, and he identified himself as an attorney hired to represent the Debtors. Mr. Guerrero also stated that he has not entered an appearance in this adversary proceeding. Nonetheless, Mr. Guerrero asked that I send him a copy of this document to determine whether or not the debtors were opposed to the relief sought in this motion. A copy of this motion was forwarded to Mr. Guerrero; however, neither Mr. Guerrero nor the Debtors have advised us of whether or not they are opposed to the relief sought in this motion. For the reasons cited above, I do not know whether or not the Debtor's are opposed to the relief sought in this motion, but I assume that it is opposed.

_____
Rodolfo D. Sanchez